UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BOARDS OF TRUSTEES OF OHIO
LABORERS' FRINGE BENEFIT
PROGRAMS,

      Plaintiff,

v.

      Civil Action 2:09-cv-01013
      Judge Algenon L. Marbley
      Magistrate Judge E.A. Preston Deavers

DIXON MASONRY INC., *et al.*,

      Defendants.

## REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiffs' Motion for Order to Show Cause Why Certain Persons Should Not be Held in Contempt of Court (ECF No. 18).  On April 6, 2010, the Court entered default judgment against Defendants and ordered them to "produce for inspection by Plaintiffs any and all records necessary to an audit of the payroll records of Defendant Dixon Masonry, Inc. for the period February 2008 to the date of production, within 15 days . . . ." (ECF No. 16.)  In its Motion, Plaintiff maintains that, despite their attempts to contact Defendants, they have not received the payroll records.[1]

On October 18, 2010, the Court set a hearing to allow Defendants to show cause why

---

[1] Plaintiff specifically attaches letters sent between Plaintiff's counsel, Mr. Steven L. Ball, and Defendants.  On April 22, 2010, Mr. Ball sent Defendants a letter stating that he had not received the payroll records as required under the Court's April 6, 2010 Order.  (ECF No. 18–2 at 1–2.)  On April 23, 2010 Defendant Elmer Dixon, President of Defendant Dixon Masonry Inc., sent Mr. Ball a letter indicating a desire to comply with the Court's Order and send the relevant records.  (*Id.* at 3.)  On April 29, 2010, Mr. Ball sent Defendants a letter noting that further delay would result in Plaintiff commencing contempt of court proceedings.  (*Id.* at 4.)  Mr. Ball's letters were both sent to 15319 Dale Street, Detroit, MI 48223, which is the same address on Defendant's letterhead used in their April 23, 2010 letter.

they should not be held in contempt. (ECF No. 20.) Notice of this hearing was served on Defendants via certified mail at 15319 Dale St., Detroit, MI 48223.[2] (ECF No. 21.) The Court held a show cause hearing on November 30, 2010 at 2:00 p.m. Defendants did not appear at the hearing.[3]

In its contempt motion, Plaintiff cites, *inter alia*, 18 U.S.C. § 401, a criminal contempt statute. *See* 18 U.S.C. § 401 (granting the Court discretion to punish, through fine or imprisonment, "[d]isobedience or resistance to its lawful . . . order"). Nevertheless, the Court also has the inherent authority to assure compliance with its orders through civil contempt. *S.E.C. v. Dollar Gen. Corp.*, 378 Fed. Appx. 511, 516 (6th Cir. 2010) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt."). As the United States Court of Appeals for the Sixth Circuit has noted:

> The distinction between civil and criminal contempt lies in the purpose of the court's mandate. Civil contempt sanctions are designed to enforce compliance with court orders and to compensate injured parties for losses sustained. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, ----, 114 S.Ct. 2552, 2557-59, 129 L.Ed.2d 642 (1994); *United States v. Bayshore Assocs., Inc.*, 934 F.2d 1391, 1400 (6th Cir.1991). Criminal contempt sanctions, on the other hand, are imposed to vindicate the authority of the court by punishing past acts of disobedience. *Bagwell*, 512 U.S. at ----, 114 S.Ct. at 2556-59; *Bayshore Assocs.*, 934 F.2d at 1400. Accordingly, a fine that is payable to "the complainant as compensation for damages caused by the contemnor's noncompliance" or that is contingent upon "performing the act required by the court's order" is civil in nature, while an unconditionally payable fine is criminal. *Bayshore Assocs.*, 934 F.2d at 1400 (quoting *Roe v. Operation Rescue*, 919 F.2d 857, 868 (3d Cir.1990)); see also *Hicks*, 485 U.S. at 633, 108 S.Ct. at 1430 (noting that a criminal penalty is "solely and exclusively punitive in character," while a civil penalty "is

---

[2] "M. Long" signed the receipts for certified mail which contained the notices of the hearing on October 20, 2010 and October 23, 2010. (ECF No. 21.) M. Long had also signed the certified mail receipt for Mr. Ball's April 22, 2010 letter. (ECF No. 18–2 at 2.)

[3] Mr. Ball appeared on behalf of Plaintiff at the hearing.

    specifically designed to compel the doing of some act"). As the Supreme Court recently emphasized, "a 'flat, unconditional fine' totaling [sic] even as little as $50 announced after a finding of contempt is criminal if the contemnor has no subsequent opportunity to reduce or avoid the fine [through] compliance." *Bagwell*, 512 U.S. at ----, 114 S.Ct. at 2558 (quoting *Penfield Co. v. SEC*, 330 U.S. 585, 588, 67 S.Ct. 918, 920, 91 L.Ed. 1117 (1947)).

*Downey v. Clauder*, 30 F.3d 681, 685 (6th Cir. 1994). "[I]mprisonment may be an appropriate sanction for either civil or criminal contempt . . . ." *Bds. of Trs. of the Ohio Laborers Fringe Ben. Programs v. TNS, Inc.*, 2008 WL 4449060, at *3 (S.D. Ohio Sept. 29, 2008); *see also Hicks on Behalf of Feiock v. Feiock*, 485 U.S. 624, 632 (1988).

    Although it appears that Defendants received adequate notice of both the Court's April 6, 2010 Order and the November 30, 2010 Hearing, Defendants have persisted in ignoring the Court's directives. Under the current circumstances, the undersigned finds that civil contempt sanctions are appropriate. Accordingly, to ensure Defendants' compliance with the Court's Orders, it is **RECOMMENDED** that the Court **GRANT** Plaintiff's Motion (ECF No. 18) and **HOLD DEFENDANTS MASONRY DIXON INC. and ELMER DIXON in CONTEMPT**. Specifically, if Defendants have not produced the relevant documents outlined in the Court's April 6, 2010 Order within **TWENTY ONE (21) DAYS** of the adoption of this Report and Recommendation,[4] it is **RECOMMENDED** that the Court:

- **Sentence Defendant Elmer Dixon to three days imprisonment.**[5]

- **Require Defendants, jointly and severely, to pay a fine of $5,000 for the Court to hold until Defendants produce the relevant documents.**

---

[4] Assuming, of course, that the Court chooses to adopt this Report and Recommendation.

[5] Because of the serious nature of this punishment, which could result in the issuance of an arrest warrant against Defendant Elmer Dixon, the Court encourages Defendant to seek legal counsel if he is unable to reach a resolution with Plaintiff regarding this contempt matter.

The Court stresses that these sanctions are conditional and designed only to ensure Defendants' compliance. Defendants, therefore, may purge themselves of their contempt, and avoid the above punishments, by working with Plaintiff and its counsel to resolve this matter.

Additionally, it is **RECOMMENDED** that the Court hold Defendants jointly and severely liable, regardless of their future action, for Plaintiff's expenses and attorney's fees associated with its Motion for Order to Show Cause (ECF No. 18), as compensation for Defendants' noncompliance.[6]

The Clerk is **DIRECTED** to mail copies of this order, through certified mail, to Defendants at 15319 Dale Street, Detroit, MI 48223.

## **NOTICE**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. See, e.g., Pfahler v. Nat'l Latex Prod. Co., 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

---

[6] If the Court adopts this Report and Recommendation, it will also set forth a briefing schedule regarding attorney fees and expenses.

court's ruling"); United States v. Sullivan, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  Robert v. Tesson, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

December 2, 2010                                          /s/ *Elizabeth A. Preston Deavers*
                                                          Elizabeth A. Preston Deavers
                                                          United States Magistrate Judge