UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BOARD OF TRUSTEES OF OHIO**
**LABORERS' FRINGE BENEFIT**
**PROGRAMS,**

  **Plaintiff,**

vs.

  Civil Action 2:09-cv-01013
  Judge Algenon L. Marbley
  Magistrate Judge E. A. Preston Deavers

**DIXON MASONRY INC.,** *et al.***,**

  **Defendants.**

## ORDER

This matter is before the Court for consideration of Plaintiff's Motion to Show Cause Why Certain Persons Should Not be Held in Contempt of Court (ECF No. 18), as well as the December 2, 2010, Report and Recommendation of the Magistrate Judge (ECF No. 22). The Magistrate Judge recommended that the Court impose civil contempt sanctions against Defendants in this case.

On April 6, 2010, the Court entered default judgment against Defendants and ordered them to "produce for inspection by Plaintiffs any and all records necessary to an audit of the payroll records of Defendant Dixon Masonry, Inc. for the period February 2008 to the date of production, within 15 days . . . ." (ECF No. 16.) Plaintiff asserts that they have not received the relevant records, despite their attempts to communicate with Defendants. Furthermore, Defendants did not attend the Court's November 30, 2010 hearing to allow Defendants to show

cause why they should not be held in contempt.[1] (*See* Report and Recommendation 2, ECF No. 22.)

The Report and Recommendation of the Magistrate Judge specifically advised the parties that failure to object to the Report and Recommendation within fourteen days of the Report results in a "waiver of the right to *de novo* review . . . by the District Judge and waiver of the right to appeal the judgment of the District Court." (Report and Recommendation 4, ECF No. 22). The time period for filing objections to the Report and Recommendation expired. Defendants have not objected to the Report and Recommendation, nor is their any indication from the record that Defendants have worked with Plaintiff's counsel to resolve this matter.[2]

The Court reviewed the Report and Recommendation of United States Magistrate Judge Elizabeth A. Preston Deavers, to whom this case was referred pursuant to 28 U.S.C. § 636. Noting that no objections have been filed and that the time for filing such objections expired, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge.

Accordingly, the Court **GRANTS** Plaintiff's Motion (ECF No. 18) and **HOLDS DEFENDANTS MASONRY DIXON INC. AND ELMER DIXON IN CONTEMPT**. Defendants must produce the relevant documents outlined in the Court's April 6, 2010 Order **WITHIN TWENTY ONE (21) DAYS OF THE DATE OF THIS ORDER**, **OR , IN THE**

---

[1] As the Report and Recommendation detailed, it appears that Defendants received adequate notice of the hearing. (*See* Report and Recommendation 2, ECF No. 22). Additionally, the same "M. Long" who signed for the earlier certified mailings in this case also signed for the receipt of the Report and Recommendation. (ECF No. 23, 24.)

[2] The Report and Recommendation encouraged Defendants to resolve this matter with Plaintiff's counsel in order to avoid contempt sanctions. (Report and Recommendation 4, ECF No. 22).

**ALTERNATIVE, MUST REACH A RESOLUTION WITH PLAINTIFF AND ITS COUNSEL FOR DELIVERY OF THE RELEVANT DOCUMENTS WITHIN THIS PERIOD**.  If Defendant's fail to comply within this time frame:

- **The Court will sentence Elmer Dixon to three days imprisonment.**[3]

- **Defendants shall pay, jointly and severely, a fine of $5,000 for the Court to hold until Defendants have produced the relevant documents.**

As the Report and Recommendation noted, the Court stresses that these sanctions are conditional and Defendants may purge themselves of their contempt, and avoid the above punishments, by working with Plaintiff and its counsel to resolve this matter.  The parties are **DIRECTED** to inform the Court immediately after a resolution is reached in this matter.

Moreover, pursuant to its inherent power to impose civil sanctions to compensate injured parties for losses sustained, the Court **HOLDS** Defendants jointly and severely liable, regardless of any future actions, for Plaintiff's expenses and attorney's fees associated with Plaintiff's Motion for order to Show Cause (ECF No. 18).  The parties are encouraged to reach an agreement concerning the amount of attorney's fees and expenses without Court intervention.  Nevertheless, if the parties cannot reach such an agreement, Plaintiff's counsel is **DIRECTED** to file a motion and supporting affidavit outlining the attorney's fees and expenses associated with Plaintiff's Motion for Order to Show Cause (ECF No. 18) **WITHIN TWENTY-EIGHT (28) DAYS** of this Order.[4]

---

[3]  This sentence will terminate, however, upon delivery of the relevant documents.

[4]  The normal twenty-one (21) day opposition and fourteen (14) day reply periods will apply to this motion.  *See* S.D. Ohio Civ. R. 7.2(a)(2).

The Clerk is **DIRECTED** to mail copies of this order, through certified mail, to Defendants at 15319 Dale Street, Detroit, MI 48223.

**IT IS SO ORDERED.**

        s/Algenon L. Marbley
        **ALGENON L. MARBLEY**
        **UNITED STATES DISTRICT COURT**

**DATED: January 26, 2011**