IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF OHIO LABORERS' FRINGE BENEFIT PROGRAMS, | : : : : | |
| Plaintiff, | : : | Case No. 2:09-cv-01013 |
| v. | : : | JUDGE ALGENON L. MARBLEY |
| DIXON MASONRY INC., et al., | : : | Magistrate Judge Deavers |
| Defendant. | : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Plaintiff Board of Trustees of Ohio Laborers' Fringe Benefit Programs' ("Board of Trustees") Motion for Attorney's Fees and Request for Enforcement of Sanctions (Dkt. 29), and Plaintiff's Motion to Supplement Judgment (Dkt. 35). For the reasons set forth below, Plaintiff's Motions for Unpaid Contributions and Attorney's Fees are **GRANTED**. Plaintiff's Motion for the Enforcement of Sanctions is **DENIED**.

### II. BACKGROUND

Plaintiff is an administrator of benefit trust funds, affiliated with Ohio Laborer's District Council of Ohio, AFL-CIO ("Union"), that are established under and administered pursuant to Section 2(1) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1002(1) and Section 302(c)(9) of the Labor Management Relations Act. Defendants, Dixon Masonry, Inc. and Elmer Dixon ("Dixon Masonry"), are employers as defined in Section 2(5) of ERISA, 29 U.S.C. § 1002(5) and members of

1

the Union.  On November 10, 2009, Plaintiff filed a Complaint against Dixon Masonry for delinquent fringe benefit contributions required to be paid under the collective bargaining agreement ("CBA") between the Union and Defendant Dixon Masonry.  Dixon Masonry failed to respond to the Complaint.

The Plaintiff's Complaint asked the Court for seven different prayers for relief.  First, Plaintiff asked the Court for an order requiring Dixon Masonry to provide access to payroll records for purposes of an audit for the period February 1, 2008 to the present date pursuant to the CBA.  Second, Plaintiff asked for a judgment against Dixon Masonry (later determined to be in the amount of Nine Thousand Fifty-Three Dollard and Ten Cents ($9,053.10)) for unpaid fringe benefit contributions and liquidated damages plus interest as provided for in ERISA Section 502(g), 29 U.S.C. 1132(g)(2), the CBA, and the rules and regulations of the trust.  Third, Plaintiff asked for a mandatory permanent injunction ordering Dixon Masonry to submit monthly reports and to make monthly contributions as required by the various Agreements and Declarations of the Trust.  Fourth, Plaintiff asked for the costs of collection, including reasonable attorney fees (later determined to be Five Thousand One Hundred Fifty Dollars and No Cents ($5,150.00)), as provided for in the CBA and ERISA Section 502(g).  Fifth, Plaintiff asked the Court to retain jurisdiction of the case pending compliance with its order.  Sixth, Plaintiff asked the Court to declare Dixon Masonry bound by the CBA and various Trust documents as alleged in the Complaint.  Seventh, Plaintiff asked for such other and further relief as the Court may deem just.

The Complaint was served on Dixon Masonry by civil summons on November 10, 2009; Dixon Masonry never answered the Complaint.  On April 5, 2010, the Clerk

entered a default judgment against Dixon Masonry pursuant to Rule 55(a) of the Federal Rule of Civil Procedure. (Dkt. 14). On April 5, 2010, Plaintiff filed a Motion requesting that the Court: (1) grant an Order for Default Judgment against Dixon Masonry; (2) issue a mandatory injunction requiring Dixon Masonry to provide Plaintiff access to the payroll records for the period of February 2008 to present; and (3) award Plaintiffs' costs. (Dkt. 15). On April 6, 2010, this Court granted Plaintiff's Motion for Default Judgment and ordered Dixon Masonry to produce the payroll records requested for the audit. Further, the Court noted that this Court would maintain jurisdiction over the case for any application of supplemental judgment. (Dkt. 16). Dixon Masonry failed to comply with this Court's Order.

On January 26, 2011 this Court held Dixon Masonry in contempt for failing to comply with the April 6, 2010 Order. (Dkt. 18.) Further, this Court ordered Dixon Masonry to produce the documents outlined in the Order within twenty one (21) days or face a sentence of three days imprisonment and pay, jointly and severally, a fine of $5,000 for the Court to hold until the documents are produced.

On February 28, 2011 Plaintiff filed a Motion requesting attorney's fees and the enforcement of sanctions. (Dkt. 29.) On April 20, 2011, however, Plaintiff notified the Court that further sanctions were not necessary, and that its request for attorney's fees would be incorporated into the April 28, 2011 Motion. (Dkt. 34.)

On April 28, 2011 Plaintiff filed a Motion requesting that the Court grant Supplemental Judgment against Dixon Masonry, Inc. in the amount of (1) Nine Thousand Fifty-Three Dollars and Ten Cents ($9,053.10) in unpaid fringe benefit contributions, liquidated damages, and interest; and (2) Five Thousand One Hundred Fifty Dollars and

No Cents ($5,150.00) for reasonable attorney fees; and (3) that Plaintiff be awarded costs (Dkt. 35).

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(a)(1)(A) states that a defendant must answer a complaint against them within twenty-one days, unless the defendant responded timely to a request for waiver of service which entitles them to an extended length of time to respond. Fed.R.Civ.P. 12(a)(1)(A). Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a). The Clerk made an entry of default in this case on April 5, 2010 after an excess of twenty-one days had passed without any answer, appearance, or responsive pleading having been filed or served by the Defendant. This entry of default has the effect of admitting all the facts alleged against the non-responsive party (Dixon Masonry), with the exceptions of allegations made in relation to the amount of damages owed. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995).

### IV. LAW AND ANALYSIS

#### A. Unpaid Fringe Benefits

Plaintiff requests judgment against Dixon Masonry in the amount of Nine Thousand Fifty-Three Dollars and Ten Cents ($9,053.10) in unpaid fringe benefit contributions, liquidated damages, and interest, plus interest from the time of judgment at the rate of 1% per month. Pursuant to 28 U.S.C. § 1132(2), when a judgment in favor of a plan is awarded, as in this case, the Court shall award Plaintiff unpaid contributions,

interest on the unpaid contributions, and liquidated damages as provided for in the CBA. According to the CBA, liquidated damages are equal to a one-time 10% charge upon all late contributions. Additionally, the CBA requires a charge of 1% per month interest upon late contributions until the contributions are paid.

Defendant owes a balance of $6,316.23 in unpaid contributions and $2,736.87 in liquidated damages and interest. These amounts cover the period from March 2008 to October 2008. Pursuant to 28 U.S.C. § 1132(2) and the CBA, the Plaintiff's Motion for Unpaid Fringe Benefits is **GRANTED**.

### B. Attorney Fees

Plaintiff requests that the Court enter judgment against Defendant in the amount of Five Thousand One Hundred Fifty Dollars and No Cents ($5,150.00) for reasonable attorney fees, and that Plaintiff be awarded costs. Pursuant to 28 U.S.C. § 1132(2), when a judgment in favor of a plan is awarded, as in this case, the Court shall award reasonable attorney's fees and costs.

The starting point for determining the amount of reasonable attorney's fees is the "lodestar" amount. *Imwalle v. Reliance Med. Prods., Inc*., 515 F.3d 531, 551 (6th Cir. 2008). This is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id*. "Where the party seeking attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled." *Pennsylvania v. Del. Valley Citizens Council for Clean Air*, 478 U.S. 546, 565-566, (1986).

### 1. Hours Reasonable Expended

In determining the hours reasonable expended by a prevailing party's counsel,

> [the] question is not whether a party prevailed on a particular motion or whether in hindsight the time expenditure was strictly necessary to obtain the relief requested. Rather, the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed.

*Woolridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1173 (6th Cir. 1990). Plaintiff submits that their counsel reasonably expended 23.50 hours. Dixon Masonry has not objected to the hours Plaintiff's Attorney has claimed. After reviewing counsel's billing records, the Court finds these hours reasonable.

### 2. Reasonable Hourly Rate

Plaintiff suggests that a reasonable attorney rate in this case is both $215.00 and $230.00 per hour (depending on the legal function performed). This Court reviewed Plaintiff's Counsel's affidavit and billing record and found the rates per hour to be reasonable rates. As of the time the Motion for Attorney's Fees was filed, per the affidavit of Plaintiff's counsel, the total amount of attorney fees incurred was $5,150.00. This is a reasonable award in this case. Accordingly, Plaintiff's Motion for Attorney's Fees and Costs is **GRANTED**.

### C. Enforcement of Sanctions

Plaintiff moved for this Court to enforce sanctions against the Defendant. Plaintiff subsequently notified the Court, however, that it did not wish to seek further sanctions. Accordingly, Plaintiff's Motion to Enforce Sanctions is **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motions for Unpaid Contributions and Attorney's Fees are **GRANTED**. Plaintiff's Motion for the Enforcement of Sanctions is **DENIED**. Plaintiff Board of Trustees is hereby entitled to recover from Dixon Masonry,

jointly and severally, $9,053.10, including unpaid fringe benefit contributions through October, 2008, and prejudgment interest and liquidated damages, plus attorneys' fees of $5,150.00.  The Court will maintain jurisdiction over this case in order to insure that Defendant complies with this Order.

**IT IS SO ORDERED**

                                           **s/Algenon L. Marbley**
                                           **ALGENON L. MARBLEY**
                                           **UNITED STATES DISTRICT JUDGE**

Dated: August 25, 2010